### RICE et al. v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
March 12, 1928.

No. 2182.

1. **Searches and seizures ⚖=7(8)—Warrant to search premises, to ascertain if fraud on internal revenue was being committed, held defective for failure to describe property to be seized (26 USCA § 1195; Const. U. S. Amends. 4, 5).**

Search warrant, issued by United States commissioner, under Rev. St. § 3462 (26 USCA § 1195; Comp. St. § 6364), on application of an agent for enforcement of Narcotic Drug Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q) authorizing such officer to enter premises described "to search and ascertain if any fraud upon the internal revenue has been or is being committed in or upon or by use of said premises," *held* defective, under Const. U. S. Amends. 4 and 5, because of failure to describe property to be seized, and motion to quash it should have been granted.

2. **Criminal law ⚖=394—Evidence obtained under defective search warrant held incompetent in prosecution for violating Narcotic Act (26 USCA § 1195; Harrison Narcotic Act [26 USCA §§ 211, 691–707]).**

Evidence obtained by execution of search warrant issued under Rev. St. § 3462 (26 USCA § 1195; Comp. St. § 6364), which was defective because of failure to describe property to be seized, *held* incompetent in prosecution for violating Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q).

In Error to the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

George W. Rice and another were convicted of violating the Harrison Narcotic Act, and they bring error. Reversed, verdict set aside, and case returned to District Court.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for plaintiffs in error.

John V. Spaulding, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiffs in error, hereinafter called the defend-

ants, were convicted in the United States District Court for the District of Massachusetts under an indictment in two counts, which charged them with violation of the Harrison Narcotic Act (26 USCA §§ 211, 691–707; Comp. St. §§ 6287g–6287q). The first count charged them with the possession of opium without having registered and paid the tax required by the act, and the second count with concealing opium which had been brought into the United States.

[1, 2] A search warrant was issued by the United States commissioner upon the application of an agent for the enforcement of the Narcotic Drug Act. In it he was authorized and empowered as such officer to forthwith enter into the premises described in his application, "with necessary and proper assistants and there diligently to search and ascertain if any fraud upon the internal revenue has been or is being committed in or upon or by use of said premises"; the officer in his application, having declared before the commissioner that he had reason to believe, and did believe, "that a fraud upon the revenue has been or is being committed in or upon or by the use of certain premises situated in Boston, in said district, to wit, the rear room and kitchenette on the first floor at the three-story red brick building, No. 19 Cumberland street, Back Bay, Boston, Mass., rented and occupied by one George Rice and wife."

By virtue of this warrant the narcotic agent to whom it was directed, with assistants, entered the apartment occupied by the defendants at No. 19 Cumberland street, Boston, and seized a small amount of smoking opium and yen shee, described in the return as a derivative of smoking opium, an opium pipe and bowl, one yen hock, and a sheet of yellow paper upon which a certain message was written.

A motion was made before the trial of the defendants that the search warrant be quashed, because it was not issued in accordance with the provisions of the Fourth and Fifth Amendments to the Constitution of the United States. This motion was denied, to which the defendants seasonably objected, and have assigned its denial as error.

The search warrant was issued in pursuance of the provisions of section 3462, Revised Statutes (Comp. Stat. 1916, sec. 6364; 26 USCA § 1195). This section is as follows:

"Section 3462. The several judges of the Circuit and District Courts of the United States, and commissioners of the Circuit Courts, may, within their respective jurisdictions, issue a search warrant, authorizing any internal revenue officer to search any premises within the same, if such officer makes oath in writing that he has reason to believe, and does believe, that a fraud upon the revenue has been or is being committed upon or by the use of the said premises."

In the warrant that was issued in this case there was no direction to seize any property, and consequently no description of the property to be seized. In 24 Op. Attys. Gen. 685, the then Attorney General said in reference to this section:

"The section providing for the issue of these search warrants does not state all of that which must be stated in the application therefor. The Fourth Amendment to the Constitution provides that 'no warrant shall issue, but upon probable cause, supported on oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.' "

In Wagner v. United States (C. C. A.) 8 F.(2d) 581, it was held that, although a search warrant was issued to an internal revenue officer under R. S. § 3462, it was not freed from the conditions of the Fourth Amendment to the Constitution, and that, those conditions not having been fulfilled, the search warrant was invalid and the evidence seized by virtue of it incompetent.

In Woods v. United States, 279 F. 706, the Circuit Court of Appeals for the Fourth Circuit, which had before it an affidavit and search warrant issued in pursuance of R. S. § 3462, held that it was materially defective in this:

"That it does not sufficiently appear what person, if any, or what property was to be seized under the same. * * * The language of the affidavit in this case, as well as that of the search warrant, is substantially in the wording of the act of Congress, in matter of form; but the failure to conform as well to the Constitution as to the spirit of the statute, by particularly describing the persons or things to be seized, makes the same void. The mere statement that a fraud on the revenue was being committed upon and by the use of certain rooms, without setting forth what fraud was being committed, or by whom, or what was expected to be seized, conveyed and carried no intelligent information to the defendant of the object and purpose of the search."

See, also, Giles v. United States (C. C. A.) 284 F. 208, 215.

As the warrant in the present case was defective because of a failure to describe, even in the most general way, the property

to be seized, the motion to quash it should have been granted. The evidence obtained by its execution was also incompetent, and the motion to suppress it, to the denial of which exception was taken and error assigned, should have been granted.

The judgment of the District Court is reversed, the verdict set aside, and the case returned to that court for further action not inconsistent with this opinion.