THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
DAVID BISHOP, Defendant-Appellee.

Fifth District    No. 78-399

Opinion filed April 19, 1979.

Walden E. Morris, State's Attorney, of Harrisburg (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

T. R. Murphy, Jr., of Law Offices of Watson & Murphy, of Eldorado, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The State appeals from an order entered by the Circuit Court of Saline County suppressing evidence seized pursuant to the following search warrant:

"TO ALL PEACE OFFICERS OF THE STATE OF ILLINOIS OR   :

\* \* \* I therefore command that the person of David Bishop and a small single storied brownish gray sided dwelling house located in Saline County, approximately six-tenths of a mile north along

the Bankston road, from its intersection with Illinois Route 13, approximately four and four-tenths mile west of the City of Harrisburg, Saline County, Illinois, said dwelling being the eleventh house facing the Bankston road on the east side, and a brown brick sided out building being located approximately twenty feet North and east of said dwelling house, and certain automobiles described as a blue Dodge Charger, approximately a 1970 or 1971; a blue and white panel truck, believed to be a GMC; and a late model International Scout, and a green late model General Motors automobile, be searched and the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Possession of Cannabis, Possession of Controlled Substance and paraphernalia, be seized therefrom:

[A four-line blank space followed before the language of the warrant continued.]

I further command that a return of anything so seized shall be made without unnecessary delay before me or before any Judge or before any court of competent jurisdiction.

/S/ Harry L. McCabe
JUDGE."

No items were described in the blank space. The single issue raised in this appeal is whether this search warrant described the items to be seized with sufficient particularity.

It is the contention of the State that the failure of the search warrant to specify the items to be seized with language following the final colon is a technical irregularity and, as such, does not warrant suppression of evidence unless the defendant shows that substantial rights of his are adversely affected on account of this irregularity. The defendant, however, contends that this search warrant violates the Fourth Amendment to the United States Constitution, and article I, section 6 of the Constitution of Illinois, which requires that "[n]o warrant shall issue without probable cause, supported by affidavit *particularly describing* the place to be searched and the persons or *things to be seized.*" (Emphasis added.) Defendant also cites section 108—7 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 108—7). That section speaks to search warrants and provides:

"The warrant shall command the person directed to execute the same to search the place or person particularly described in the warrant and to seize the instruments, articles or things particularly described in the warrant."

We hold that the trial court properly suppressed evidence seized pursuant to this search warrant and correctly found that the search

warrant "is defective, in that it does not specify the property to be seized * * *." The absence of any language following the final colon in the search warrant results in a warrant providing *no description* at all of any article, item or thing. There can be no argument that the warrant sufficiently describes items to be seized when it fails to name or describe them *at all*.

We recognize that a generic description of the property to be seized is sufficient for a search warrant in some circumstances (*People v. Curry* (1973), 56 Ill. 2d 162, 306 N.E.2d 292, 297) and that a warrant to seize narcotics unlawfully possessed need describe with particularity only the place where the drugs are concealed (*People v. Meaderds* (1961), 21 Ill. 2d 145, 171 N.E.2d 638, 640). The problem, however, is that this search warrant's language, "the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Possession of Cannabis, Possession of Controlled Substance and paraphernalia * * *:" is patently deficient because there are no words following the colon to name or identify, in any manner, the instrument, articles and things to be seized.

The constitutional requirement that warrants must particularly describe the "things to be seized" is to be accorded exactitude and cannot be left to guess, speculation or conjecture. General searches have never been condoned by our courts from the time they were known as writs of assistance under which officers of the Crown bedeviled the colonists. (*People v. Kimmel* (1966), 34 Ill. 2d 578, 217 N.E.2d 785.) Where a search warrant is general in nature, it is an invitation to a sweeping and unlimited search and seizure. (*People v. Gillford* (4th Dist. 1975), 26 Ill. App. 3d 272, 325 N.E.2d 81.) The officers in the case before us apparently considered this warrant to be general as they seized, among other things, a telephone, a car stereo and a rifle.

It appears that there are no reported cases in Illinois concerning a search warrant which omits a listing of things to be seized. There are, however, Federal cases and cases from other States which have considered search warrants suffering similar deficiencies. *Rice v. United States* (1st Cir. 1928), 24 F.2d 479, involved charges of possession of opium without having registered and paid tax as required by the Harrison Narcotic Act and of concealing opium. The search warrant in *Rice* authorized the officer to enter the premises described and "* * * there diligently to search and ascertain if any fraud upon the Internal Revenue has been or is being committed in or upon or by use of said premises." The trial court denied defendant's motion to quash the search warrant and defendant appealed from that order. The appellate court, reversing, found that "[i]n the warrant that was issued in this case there was no direction to seize any property, and consequently no description of the

property to be seized * * *" and held that "as the warrant in the present case was defective because of a failure to describe, *even in the most general way*, the property to be seized, the motion to quash it should have been granted." (Emphasis added.) (24 F.2d 480, 480-81.) We believe, while the instant warrant and the warrant in *Rice* are not identical, they suffer from the same inadequacy, *i.e.*, failure to state *what* property may be seized.

Giles v. United States (1st Cir. 1922), 284 F. 208, involved a charge of violation of the National Prohibition Act. The warrant in *Giles* recited a complaint alleging violations of the National Prohibition Act and proceeded as follows:

"You are therefore hereby commanded * * * to enter said premises in the day or night time, with the necessary and proper assistance, and there diligently to investigate and search into and concerning said violation, and to report and act concerning the same as required of you by law." (284 F.2d 208, 213.)

The *Giles* court stated:

"This language, requiring the officer 'to investigate and search into and concerning said violations,' is very far from being a direction to go to a particularly described place and there to seize particularly described property and to bring the same before a magistrate * * *. While it may be argued that the requirement that the officer 'shall report and act concerning the same as required by law' is by implication a provision for a return, so as to relieve the warrant of one of the objections * * * the great weight of authority is that *the warrant should be specific and complete within itself*. The officer serving it should not be left to ascertain and judge of the requirements of the law." (Emphasis added.) 284 F.2d 208, 215.

There is, of course, the argument that the language in the warrant before us implies that the officer is to seize things which have been used in the commission of the stated offenses. Like the *Giles* court, however, we hold that such provisions are not to be implied. We are ever mindful that a search warrant which authorizes officials to enter a person's home at any time of the day or night for the purpose of taking possession of outlawed articles is a power capable of oppressive use. For this reason, the judiciary must assure its careful exercise by requiring, among other things, a sufficient description of the objects to be seized.

For the foregoing reasons, the order of suppression of the Circuit Court of Saline County is affirmed.

Affirmed.

KASSERMAN and JONES, JJ., concur.