BASKIN, Judge.
We reverse the trial court’s suppression of “Evidence Obtained Through Unreasonable Search and Seizure”. Neither the motion nor the order specified the evidence to be suppressed. Fla.R.Crim.P. 3.190(h)(2).
The trial court’s refusal to permit the state to proffer evidence defeats our evaluation of the arguments on appeal concerning the necessity for consent to a warrant-less interception of a telephone call to defendant’s home upon which defendant contends probable cause for his arrest was based and concerning the unavailability of a witness who invoked the Fifth Amendment. A trial court should not refuse to allow a proffer of testimony. Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976).
Upon remand questions relating to defendant’s standing to seek suppression of evidence under decisions released subsequent to the trial court’s ruling should be addressed. See United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Norman v. State, 388 So.2d 613 (Fla. 3d DCA 1980).
Reversed and remanded.