FERGUSON, Judge.
Valeriano Suarez appeals from a conviction and sentence entered on a plea of nolo contendere where he reserved his right to suppress evidence seized pursuant to a defective warrant. Fla.R.App.P. 9.140(b). The trial court, with the respective counsel for the state and defendant, agreed that the ruling on the motion to suppress would be dispositive of the case. The trial court denied the motion to suppress.
An affidavit for search warrant and the search warrant were prepared from standard forms. The standard warrant provides a statement that the named officer “has probable cause to believe and does believe that at the premises described as: - being in _, (city, if any) Dade County, Florida . .. one of the following crimes, as evidenced by-is occurring. ...” (The officer then selects a crime category from a list of a-f and fills in the space provided immediately after each category of crime specifically what crime is occurring or evidence indicating that the crime is occurring). The form warrant continues, “has been committed, or evidence relevant to proving said felony has been committed, is contained therein, to wit: ...” (ten blank lines are then provided, as stated in parentheses immediately below these lines, for the officer to fill in “descriptions of things to be seized”).
The officer filling out the warrant against Suarez selected crime category “e” and filled in the statement of crime as follows:
(e) the laws of the State of Florida related to narcotics or drug abuse are being violated there, to wit: METHAQUA-LONES
The space provided for description of things to be seized was left blank and the words, description of things to be seized, crossed out.
*1050 The sole issue on appeal is whether the search warrant described the items to be seized with sufficient particularity to be valid under the Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution (1968). See also § 933.05 Fla.Stat. (1979); Fla.R.Crim.P. 3.190(h)(l)(3). We find that it does not.
A statement of the specific crime being committed and a statement of the objects to be seized are separate requirements. The entry of the word “methaqua-lones” after the crime category fails to state a crime; the leaving blank of the lines provided to describe the items to be seized, is a failure to describe such items at all. See People v. Bishop, 71 Ill.App.3d 52, 27 Ill.Dec. 181, 388 N.E.2d 1144 (1979).
We reject the State’s argument that we should overlook the failure to describe at all the items to be seized as a mere technical defect because the reference to “methaqualones” after the crime category was intended as reference to the items to be seized. Not only would such a holding undermine the requirements of specificity, but the testimony of the officer who prepared the search warrant indicates that the failure to specify the evidence to be seized was more than a mere technical error of putting the description on the wrong line. The testimony demonstrates that the officer failed to understand or to comply with the requirement of a specificity:
Q. Have you ever heard that the search warrant must state with specificity the places to be searched and the items to be seized?
A. (No response.)
Q. Have you every heard of that type of thing?
A. Places to be searched?
Q. And the items to be seized.
A. No, sir.
Q. You never heard of that?
A. (No response.)
Q. You never heard of that; is that correct?
A. No, sir. That’s correct.
Q. Would it be fair to say that the search warrant does not state with specificity—
A. What is to be seized?
Q. —what is to be seized?
A. Yes.
Q. It is correct, it does not state that?
A. That’s correct.
See, e. g., State v. Pezzella, 397 So.2d 1033 (Fla. 3d DCA 1981) (order did not specify evidence to be suppressed).
Although an affidavit for search warrant was prepared, it fails to cure the defective warrant in that it was neither attached to the search warrant nor incorporated in the warrant by reference. Booze v. State, 291 So.2d 262 (Fla. 2d DCA 1974), cert. denied, 297 So.2d 836 (Fla.1974), cert. denied, 419 U.S. 959, 95 S.Ct. 222, 42 L.Ed.2d 177 (1974); Bloom v. State, 283 So.2d 134 (Fla. 4th DCA 1973).
Reversed and remanded with instructions to discharge the defendant.