No. 3--96--0754

_________________________________________________________________

                             IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1997

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 14th Judicial Circuit,

                                )  Rock Island County, Illinois

     Plaintiff-Appellee,        )

                                )

     v.                         )  No. 96--CF--79

                                )

ALBERTO FAVELA,                 )  Honorable

                                )  John D. O'Shea

     Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

JUSTICE HOMER delivered the opinion of the court:

________________________________________________________________

     Following a jury trial, the defendant, Alberto Favela, was

convicted of possession with intent to deliver more than 5,000

grams of cannabis (720 ILCS 550/5(g) (West Supp. 1995)).  He was

sentenced to a 14-year term of imprisonment.  The defendant

appeals, contending that:  (1) the warrant issued to search his

place of business was defective; and (2) defense counsel was

ineffective for failing to move to quash the search warrant.  We

affirm.

  FACTS

     On the morning of January 25, 1996, the Quad City

Metropolitan Enforcement Group (MEG) obtained two search warrants

in connection with three boxes that weighed a total of 152 pounds

and were destined for delivery to the defendant's place of

business, Alberto's Hair Design (Alberto's), at 2125 16th Street,

Moline, Illinois.  One of the boxes had broken open in transit on

Emery Air Freight and contained smaller, taped packages. 

Personnel from Emery Air Freight suspected that the packages

contained cannabis and called the police.  After a police canine

alerted on all three boxes, Agent Jay Titus obtained the first

search warrant.  Pursuant to that warrant, the officers took core

samples of the contents of the three boxes and installed a beeper

device in one of them to monitor when it was next opened.  The

samples tested positive for cannabis.

     Agent Rick Ryckeghem then swore out a complaint for the

second search warrant, alleging that the MEG team intended to

make a controlled delivery of the three boxes and surveil the

defendant's place of business until the boxes were opened.  At

11:50 a.m., the circuit judge issued the second warrant

authorizing the agents to search Alberto's within 96 hours for

cannabis and evidence of cannabis trafficking.

     Around 12:10 p.m., MEG agent Randy Wilson, posing as an

Emery World Wide employee, delivered the three boxes to

Alberto's.  At the time, the defendant was cutting one customer's

hair, and a third man was seated in another chair in the salon

area.  The third man accompanied Wilson back to the delivery van

and carried one of the boxes inside.  Wilson placed the box with

the beeper on the floor inside the front door.  When he returned

with the third box, he noted that the box with the beeper had

been removed.  Wilson asked where to place the third box, and the 

defendant said to set it on the floor.  The third man then signed

the shipping bill as "Alberto Juarez."

     Officer Dale Sievert testified that he surveilled Alberto's

that afternoon.  None of the boxes left the premises.  Around

5:45 p.m., Sievert and two other agents executed the second

search warrant as the defendant was closing the salon.  The boxes

were not in sight, but the officers observed a locked door in the

office area.  The defendant opened the door to a closet, which

contained the three boxes earlier delivered by Wilson.  An agent

noted that one of the boxes had been opened, and the defendant

admitted that he knew the boxes contained marijuana.

     At trial, in addition to the foregoing evidence, the parties

stipulated that the three boxes contained over 20,000 grams of

cannabis.  The jury subsequently found the defendant guilty of

possession of cannabis with intent to deliver, as charged.

DISCUSSION AND ANALYSIS

     On appeal, the defendant argues that the warrant authorizing

the search of his place of business was statutorily and facially

invalid.  Because the issue was waived for failure to present it

in a pre-trial motion to quash, the defendant also contends that

he received ineffective assistance of counsel.

1.  Validity of Search Warrant

     The defendant argues that:  (1) section 108--3 of the Code

of Criminal Procedure of 1963 (the Code) (725 ILCS 5/108--3 (West

Supp. 1995)) does not authorize anticipatory search warrants; and

(2) the warrant, if not statutorily infirm, was defective for

failure to state on its face that the search was contingent on

the delivery of the cannabis to the defendant's place of

business.

     The State initially argues, and we agree, that the

legislature amended section 108--3(a)(1) with the intent to

authorize anticipatory warrants, following our supreme court's

decision in People v. Ross, 168 Ill. 2d 347, 659 N.E.2d 1319

(1995).  Ross held that the prior statute did not authorize the

issuance of anticipatory search warrants.  The prior statute

authorized the issuance of warrants for articles "which have been

used in the commission of, or may constitute evidence of, the

offense in connection with which the warrant is issued."  725

ILCS 5/108--3(a)(1) (West 1992).  The court found this language

ambiguous as to whether a warrant could be issued for evidence of

future offenses.

     The Ross court then contrasted the language of the Illinois

statute with its counterpart in the Federal Rules of Criminal

Procedure.  Federal Rule 41(b) authorizes warrants, inter alia, 

for "(3) property designed or intended for use or which is or has

been used as the means of committing a criminal offense."  Fed.

R. Crim. P. 41(b)(3).  This part of the federal rule, the court

observed, "explicitly sanctions the use of anticipatory search

warrants."  Ross, 168 Ill. 2d at 352 n.2, 659 N.E.2d at 1321 n.1.

     Responding to Ross, the legislature amended section 108--

3(a)(1) of the Code prior to the issuance of the instant search

warrant.  Effective August 18, 1995, the amended statute allows

for the issuance of search warrants for "articles or things

designed or intended for use or which are or have been used in

the commission of, or which may constitute evidence of, the

offense in connection with which the warrant is issued; or

contraband, the fruits of crime, or things otherwise criminally

possessed."  (Emphasis added.)  725 ILCS 5/108--3 (West Supp.

1995).  The underscored provisions were added by the amendment.  

By adopting much of the language of Federal Rule 41(b), the

legislature obviously intended to conform this State's law to the

federal law and permit the issuance of anticipatory search

warrants.  

     The defendant argues that since the amended statute retains

the words "the offense," it remains ambiguous.  See Ross, 168

Ill. 2d at 351, 659 N.E.2d at 1320 (court construed "the offense"

as denoting that an offense had already been committed). 

However, since legislative intent controls in construing the

statute, the retention of the words "the offense," rather than

"an offense," does not alter our conclusion that the statute, as

amended, now authorizes the issuance of anticipatory warrants.

     The defendant also argues that the anticipatory warrant

issued in this case was defective on its face for failure to

state that it could not be executed unless the contraband was

delivered.  We do not agree. 

     Although it is better practice to command on the face of an

anticipatory warrant that it not be executed before satisfying

conditions precedent (see People v. Martini, 265 Ill. App. 3d

698, 638 N.E.2d 397 (1994)), there is no statutory requirement

that the issuing judge do so.  See 725 ILCS 5/108--6, 108--7

(West 1994).  Moreover, it is well settled that omissions on the

face of a search warrant may be remedied by incorporating by

reference a sworn affidavit attached to the warrant.  People v.

Bauer, 102 Ill. App. 3d 31, 429 N.E.2d 568 (1981).

     A warrant should be quashed only if the claimed defect

affects the accused's substantial rights.  725 ILCS 5/108--14

(West 1996).  A defendant's substantial rights may be deemed

affected if an omission on the face of the warrant actually

confused or could have confused the officers attempting to

execute it.  People v. Siegwarth, 285 Ill. App. 3d 739, 674

N.E.2d 508 (1996).  However, technical irregularities which do

not affect substantial rights provide no basis for quashing the

warrant.  People v. Blake, 266 Ill. App. 3d 232, 640 N.E.2d 317

(1994).

     Here, the warrant expressly incorporated the attached

affidavit of Agent Ryckeghem, who had previously tested the

contents of the three boxes and determined that they contained

cannabis.  Ryckeghem stated that, pursuant to the earlier

warrant, a beeper had been installed in one of the boxes.  He

stated that fellow officers would (1) conduct a controlled

delivery, then (2) surveil the premises until (3) the box was

opened.  The only reasonable interpretation of the affidavit is

that the officers would not execute the warrant until after the

conditions precedent were satisfied.  For them to proceed

prematurely would spoil their case.  Therefore, reading the

affidavit together with the search warrant, we find no

possibility that the officers executing the warrant could have

been confused about the timing of their search.

     Further, evidence at trial established that, in fact, all

three conditions precedent were satisfied.  The contraband was

delivered, the business was surveilled, and one box was opened

before the officers executed the search warrant.  Accordingly,

the warrant was not executed prematurely, and the defendant's

substantial rights were not violated.  Under the circumstances,

the warrant was not invalid for failure to specify on its face

that its execution was contingent on certain events.

2. Ineffective Assistance of Counsel

     Having found that the warrant was not invalid, we reject as

well the defendant's argument that trial counsel was ineffective

for failure to present a pretrial motion to quash.

     Ineffective assistance of counsel is shown where:  (1)

counsel's representation fell below an objective standard of

reasonableness and the shortcomings of counsel were so severe as

to deprive defendant of a fair trial; and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the outcome would have been different.  Strickland v.

Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052

(1984).  If a defendant's claim of ineffective assistance can be

resolved for failure to show prejudice, the reviewing court need

not address whether counsel's overall performance was deficient. 

People v. Eddmonds, 143 Ill. 2d 501, 578 N.E.2d 952 (1991).   

     In this case, counsel's failure to present a motion to quash

the anticipatory search warrant did not prejudice the defendant. 

For reasons stated earlier in this opinion, such a motion would

have been denied.  Therefore, there is no reasonable probability

that the outcome of the cause would have been different, and the

defendant is not entitled to a new trial.

CONCLUSION

     For the foregoing reasons, the judgment of the circuit court

of Rock Island County is affirmed.

     Affirmed.

     McCUSKEY and HOLDRIDGE, JJ., concurring.